Argued January 22; Decree Rendered, February 17; Rehearing
Denied, March 9, 1948

# ATWOOD ET AL. *v.* VOHS ET AL.

189 P. (2d) 568

*Paul R. Biggs,* of Oregon City, argued the cause for appellants. With him on the brief was Robert M. Mulvey of Oregon City.

*C. W. Pecore,* of Portland, argued the cause for respondents. With him on the brief were John W. Loder and O. D. Eby, both of Oregon City.

Before ROSSMAN, Chief Justice, and LUSK, KELLY, BAILEY and BRAND, Justices.

KELLY, J.

On August 15, 1943, an oral contract was made by and between Harold G. Vohs and his father Fred Vohs, Sr. by the terms of which Harold was to take over the management of the farm upon which his father then resided. Harold was to have general supervision of the household affairs, keep the buildings and fences and other improvements on the farm in repair, take charge of the business affairs in connection with the farm, sell the produce from the farm, afford his father transportation from his farm to town and return, look

after the livestock, see about putting in grain and see that it was threshed and the bills paid; afford his father the income from eggs and cream, apply such part of any other income as needed to the payment of taxes, and to deposit the remainder thereof in the bank in a joint account under his name and that of his father. In consideration of the foregoing service, his father, Fred Vohs, Sr. agreed to convey, either by deed or will, to him the said Harold G. Vohs, the south 80 acres of the farm, it being a farm of 160 acres.

On or about the 13th day of February, 1945, Fred Vohs, Sr., caused a deed to be prepared, which he signed, conveying said 80 acres to Harold G. Vohs, reserving a life estate unto himself. This deed he left with his attorney Mr. John Loder, of Oregon City, until May 3rd 1945, at which time he took from the possession of his attorney that deed and another one drawn on said last named date from himself to his son Leo Vohs, conveying the remaining 80 acres, reserving to himself a life estate therein.

These deeds were in the coat pocket of the senior Mr. Vohs on the morning of the 9th day of May, 1945, when he suffered a paralytic stroke. He was unconscious from the time he was stricken until he died. His death occurred at 12:35 A. M. May 10, 1945. At the time of his death, he was staying at the home of his daughter, Mrs. Isabel Cooper, and his coat, in the pocket of which were the deeds mentioned, was hanging in a closet near his bedside.

The deed in suit was taken from decedent's coat pocket by his son Harold, and later caused to be recorded in the deed records of Clackamas County.

The first assignment of error is to the effect that the court erred in failing to make a finding that the

deed in question was not delivered to defendant Harold G. Vohs.

■ We think that the record fails to show that any delivery of said deed was made, and for that reason a cancellation thereof should be decreed.

The further and separate answer of defendants Harold G. and Elisabeth Vohs sets forth the oral agreement hereinabove stated and the performance of its terms by said Harold G. Vohs; and in the second paragraph of the prayer of said further and separate answer, said answering defendants pray that in case the evidence should not satisfy the court of the lawful possession of said deed by defendant Harold G. Vohs and the court should not sustain his possession thereof as a delivery of said deed, that the court find and decree that there was a good and valid agreement made by said Fred Vohs, Sr. with defendant Harold G. Vohs to convey said premises to said defendant and that said Harold G. Vohs has duly performed all of the conditions of said agreement on his part to be performed, and that therefore said defendant is entitled to specific performance of said agreement and a conveyance of said premises from plaintiffs and defendant Herbert W. Vohs, who are the heirs at law of the said Fred Vohs, Sr. deceased.

■■ The learned trial judge entered a decree in accordance with the portion of said defendants' prayer above set forth. This is assigned as error by appellants. We think that error was thus committed. It is obvious that the services rendered by Harold G. Vohs for his father were not of such exceptional character or peculiar value to the promisee that the value thereof is not capable of pecuniary estimate. In this jurisdiction, it is well settled that where services rendered under such

circumstances as attend this case are capable of appraisal or subject to pecuniary estimate, specific performance will not be decreed, but the party performing such services will be left to his remedy at law. *Benson v. Williams, et al,* 174 Or. 404, 143 P. 2d 477, 149 P. 2d 549; *Hunter v. Allen et al,* 174 Or. 261, 147 P. 2d 213, 148 P. 2d 936; *Losey v. O'Hair et al,* 160 Or. 63, 83 P. 2d 493; *Vandiver et ux v. Stone et al,* 149 Or. 426, 41 P. 2d 247; *Traver v. Naylor,* 126 Or. 193, 268 P. 75; *Brennen v. Derby et al,* 124 Or. 574, 265 P. 425.

This case is clearly distinguishable from those cases where the promisor abandons his vocation or employment in order to perform his contract with the promisee. In this case, plaintiff continued with his regular employment in Portland, Oregon. By the terms of such regular employment, plaintiff had every third Saturday off which he devoted to the performance of the contract in suit. He did likewise with reference to Sundays. If he had worked in his regular employment on Sundays and the third Saturdays, he would have been entitled to time and a half for Saturdays and to double time for Sundays. That comprises the only effect the contract in suit had upon plaintiff's regular employment.

It follows that the deed in suit signed and acknowledged on or about February 13, 1945, by the late Fred Vohs purporting to convey to defendant Harold G. Vohs the following described real estate, situated in Clackamas County, Oregon, to-wit: The southeast quarter of the northwest quarter and the southwest quarter of the northeast quarter of section two (2) township four (4) south of range three (3) east of the Willamette Meridian containing eighty (80) acres: and reserving unto said grantor, Fred Vohs, now de-

ceased, a life estate, (which said deed was on June 19, 1945, recorded in Book 346 at page 108, in the Deed Records of Clackamas County, Oregon) should be and is hereby canceled, set aside and held for naught.

It is further ordered that said further and separate answer of defendants, Harold G. Vohs and Elizabeth Vohs, be and the same is dismissed, without prejudice to the presentation of a claim by Harold G. Vohs against the estate of his father, Fred Vohs, deceased, or to his the said defendant's right to invoke the attending legal remedies for the enforcement of said claim.

It is further ordered and decreed that the decree hereby rendered cancelling said deed and dismissing said defendant's further and separate answer is without prejudice to the enforcement of said Harold G. Vohs' right, as a son and heir, to his share of the estate of his father the said Fred Vohs, deceased.

Decree rendered.